of usage was admitted as supplementary to a statute.

[3] How far the same argument as to the greater difficulty and expense of work owing to the passing of cars might apply to the work of surfacing the street we do not know; but we are clear that there is no answer to the contention that the defendant cannot be made to pay, under the above-transcribed clause of the contract, for a more expensive kind of pavement than that ordered for the entire street.

However, the defendant company knew that this work was being done; indeed, had its inspectors on it all the time. If the defendant company intended to refuse to pay for this more expensive kind of pavement, but intended to insist upon the other kind, it should have given formal notice to that effect to the city authorities before the work was done. This it did not do, and, under familiar principles, is estopped now from so doing.

Judgment affirmed.

---

(58 South. 589.)

No. 18,959.

PALERMO v. ORLEANS ICE MFG. CO.

(May 6, 1912.)

*(Syllabus by the Court.)*

1. NEGLIGENCE (§§ 85, 96*) — MINORS—CONTRIBUTORY NEGLIGENCE.

A child four years old is incapable of committing negligence. A parent is not negligent in permitting his child, four years of age, to be on the sidewalk adjoining his residence.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 121–128, 157–161; Dec. Dig. §§ 85, 96.*]

2. NEGLIGENCE (§ 39*) — EVIDENCE — INJURY TO CHILD.

Where a child four years old fell into a street gutter containing hot water which had flowed from the defendant's plant, and was painfully burned, the defendant will be held liable in damages, where the evidence showed that the water and steam attracted the curiosity of the children of the vicinity, and that the

130 LA.—27

defendant's watchman at the gutter left his post before the accident happened to the child.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. § 55; Dec. Dig. § 39.*]

Appeal from Civil District Court, Parish of Orleans; Thos. C. W. Ellis, Judge.

Action by Paul Palermo against the Orleans Ice Manufacturing Company. Judgment for defendant, and plaintiff appeals. Reversed and rendered.

Foster, Milling, Brian & Saal, for appellant. Philip J. Patorno, for appellee.

LAND, J. This is a suit brought by the father and natural tutor to recover damages for personal injuries sustained by his minor son, Pascal, a child four years of age at the time of the accident.

On March 25, 1909, Pascal fell into an open gutter on Hospital street, which at the time contained hot water which had flowed from the plant of the defendant company located on the same street. The boy was scalded and burned on the left side of his body from his neck downwards.

The first defense is that one of the bolts of the defendant's boiler blew out, and the hot water escaped through the opening and flowed into the gutter, without fault or negligence on the part of the defendant. The next defense is that the defendant used due diligence in warning children in the street of the presence of hot water in the gutters, and lastly contributory negligence is pleaded.

There was judgment in favor of the defendant, and the plaintiff has appealed.

In his opinion the judge a quo said:

"The proof is that defendants, in order to keep the hot water of their ice factory out of the street gutter, had installed a large underground pipe for the harmless escape of the hot water, long prior to this accident, and that on the day of the child's injury a tube of their boiler, without any negligence on defendant's part, had exploded, and from its broken or blowed out part the hot water ran into the street gutter. It also appears that at once defendants turned a stream of cold water into

the escaping hot water to cool it, and make it harmless, and that defendants also put a dam across the gutter to force the water towards the swamp, and also stationed a man at the gutter to warn the children of a nearby school, who left his post after the children were called into the schoolhouse, and also diligently went to work to repair the boiler and stop the escaping hot water.

"I find no negligence on defendant's part in all this; but, even if there had been, how could defendants, with the accident to the boiler happening all of a sudden, anticipate, or expect that plaintiff's child of tender years would be allowed by its parents to wander on the streets, or that it would manage to get into the street gutter?"

The law of the case is thus stated by the judge a quo:

"That doctrine is that in order to warrant the finding that negligence is the proximate cause of the injury, it must appear that the injury was the natural consequence of the negligence, and that the defendants ought to have anticipated or foreseen, or expected it, in the light of the attending circumstances."

The statement of facts made by the judge a quo shows that, when the hot water commenced flowing into the gutter, the defendant's agents did anticipate or foresee that children in the street might be injured by coming in contact with the hot water, and stationed a man at the gutter to warn the children at a nearby school. The judge a quo found that this man left his post after giving said warning. As the hot water continued to flow for an hour or more, a guard should have been kept at the gutter until the danger had passed. If a man was stationed at the gutter to warn children, and he deserted his post, the defendant is liable for his negligence.

The hot water and steam in the gutter was a dangerous agency in a public place, forbidden by ordinance of the city of New Orleans, and defendant knew that it was likely to attract children. According to defense witnesses, the hot water and steam did attract children, who were warned and driven away. Defendant was negligent in not taking proper precautions to prevent other children from coming in contact with the hot water. A watchman at the gutter would have probably prevented the injury of plaintiff's son.

On principle there is no difference between hot water and a dangerous machine left unguarded in a public place. As to a dangerous machine, see Westerfield v. Levis, 43 La. Ann. 63, 9 South. 52. In this case it was said:

"The machine was in a public place, on a public street in close proximity to the yard of the plaintiff. It was left exposed, unguarded and unsecured. The child Richard was of that tender age (five years) when the childish instincts are probably at their fullest intensity."

[1, 2] Practically no cases are found which hold that a child under six years of age can be charged with negligence. 29 Cyc. 538.

We are responsible for the damage caused by "the things we have in our custody." Civil Code, art. 2317. This rule has been applied to the explosion of a part of an electrical apparatus. Yates v. Electrical Light & Power Co., 40 La. Ann. 467, 4 South. 250. In that case the owner was negligent in not keeping the apparatus in proper condition of repair.

In the case at bar, the defendant, if not negligent, quoad the blowing out of the bolt, or the flow of the hot water into the street, was negligent in not keeping a watchman at the gutter until the danger to children had ceased.

The child was painfully but not seriously burned, and recovered in a short time. We assess the damages at $300.

It is therefore ordered that the judgment below be reversed, and it is now ordered that the plaintiff do have and recover of the defendant the sum of $300, with legal interest thereon from this date, and costs in both courts.