ROGERS, J.
 

 Plaintiffs brought this suit to recover large damages from the city of Baton Rouge and the Baton Rouge Waterworks Company, in solido, for the death of their child, two years and four months old, who was drowned in the water contained in a street excavation made by the defendant waterworks company for the purpose of repairing a leaking valve in one of its mains. Exceptions of no cause of action, filed by the defendants, were overruled. After a trial on the merits, the court below; rendered judgment in plaintiffs’ favor for $5,000 against the Baton Rouge Waterworks Company and rejected their ■ demands as against the city of Baton Rouge. The waterworks company appealed from the judgment against it to the Court of Appeal for the First Circuit, and plaintiffs appealed to the same court from the judgment rejecting their demands against the municipality. The Court of Appeal, by a divided court, annulled the judgment against the waterworks company and affirmed the judgment in favor of the city. On plaintiffs’ application, the case was ordered to this court for review.
 

 The plaintiffs did not press in the Court of Appeal, and are not pressing here, their demands against the city of Baton Rouge, conceding that no liability attached to the municipality for the accident and resulting damage. They predicate their claims against the Baton Rouge Waterworks Company on the charge that the company created and maintained in the public street a dangerous agency, which caused the death of their child.
 

 The waterworks company denied any negligence, general or special, on its part, and
 
 *475
 
 averred that plaintiffs themselves were guilty of contributory negligence.
 

 The undisputed facts are that the employees of the waterworks company, on or about May 18, 1926, dug a, cut or hole in the surface of Julia street, a few feet from the south curb and about 40 or 45 feet from plaintiffs’ residence. The hole was approximately 4 feet 5 inches wide, north and south, and 8 feet long, east and -west, with an average depth of about 3 feet. ' It was surrounded by a low, broad mound, irregular in shape, which had been formed by the clay and gravel removed from the earth as the hole was being dug. Other than this, no attempt was made to barricade or protect the excavation, which was closed on June 3, 1925, by the simple process of covering it with a few boards.
 

 The hole was filled with water escaping from the leak in the main, and remained full during the entire time it was in existence. An opening in the so-called earthen barrier permitted the water to drain from the hole into a nearby gutter, so that the water level in the hole and the street level were uniform.
 

 • The accident happened between half past 5 and 6 o’clock on the afternoon of May 31, 1926. At that time, Mrs. Smith, after bathing and dressing the little child, placed him on the front porch of her home, gave him a nickel to wait for an itinerant ice cream vendor, from whom he could purchase an ice cream cone, as he had done before, and then went into the house for a few moments to attend to some domestic duty. Mr. Smith, the father, had previously left to make a purchase at a meat market in the neighborhood. When Mrs. Smith returned to the front porch, after her short absence, She saw her little boy being lifted from the excavation in which he -was found drowned.
 

 The Court of Appeal correctly ruled that negligence was not imputable to the deceased child, and that there was no contributory negligence on the part of his parents. It denied plaintiffs any recovery, mainly on the ground that the accident was not foreseeable by the defendant waterworks company, because for approximately 17 years, without an accident occurring or a complaint being made, it had been excavating holes in the streets of the municipality, leaving them open and uncovered and protected only by barricades formed of the dirt removed therefrom, with a wooden horse on each side of a hole, from which red lanterns were hung at night.
 

 The defense urged by the waterworks company is untenable. In the contract between the company and the municipality, the former is given the right to lay, take up, and repair mains and pipes in the public streets, with the consent and permission of the municipal authorities, which were not obtained in this instance, under the obligation to keep the streets safe for travel and travelers and to hold the city harmless.
 

 Whenever the defendant waterworks company, either with or without the consent and permission of the mimicipality, places or maintains an obstruction or excavation in a street which renders it unsafe for public use' or travel, the company is liable for any injury resulting directly therefrom.
 

 The streets of cities and towns are open to persons of all ages, and children who are injured while rightfully thereon are entitled to redress from the persons causing the injury.
 

 In the case before us, no negligence is imputable either to the child or his parents. The excavation made by the defendant company was in the street, close
 
 to the
 
 sidewalk, and' almost directly in front of the residence of the plaintiffs. It was filled with water to the depth of 3 feet, and was insufficiently guarded to prevent children or other persons, from falling into it. The so-called barricade, formed by the dirt taken from the hole and.. the two wooden horses placed at each end,‘ was utterly useless as a protection to chil-'
 
 *477
 
 dren. In this condition it was an exceedingly dangerous place, located in a well-populated portion of the city, where the slightest imprudence on the part of children would expose them to injury, if not death. It was something calculated to amuse or attract children, and, as ia matter of fact, did attract children of the neighborhood, some of whom were seen playing there a few days previous to the accident.
 

 The defendant company, in our opinion, was guilty of a plain and palpable omission of duty. ' The excuse which it offers for its conduct is utterly unacceptable. No person can acquire a prescriptive right to do an inherently dangerous thing. Because the company was fortunate in escaping accidents for a number of years is no justification for its continuing to do a thing which, acco-rding to common experience, is highly dangerous. It is well known and universally recognized that pitfalls in a public highway are intrinsically dangerous and are nuisances. Burke v. Werlein, 143 La. 788, 79 So. 405, and authorities cited. Whoever does anything in, or ini' mediately adjacent to, a public street, calculated to attract children of the vicinity into danger, which they cannot appreciate, owes the duty of protecting them by suitably guarding the source of the danger, or, if this is impracticable, by giving timely warning to their parents and guardians of the existence of the danger. City of Indianapolis v. Emmelman, 108 Ind. 530, 9 N. E. 155, 58 Am. Rep. 65. Here plaintiffs made no examination of the excavation and did not know it was filled with water. They received no warning from the waterworks company, and were unaware of the danger to which their child was exposed.
 

 The case of Palermo v. Orleans Ice Mfg. Co., 130 La. 833, 58 So. 589, 40 L. R. A. (N. S.) 671, is similar in principle to the ease at bar. There the defendant company was held in damages for injuries sustained by a child 4 years old, who had fallen into a street gutter containing hot water, which had flowed from the defendant’s plant, where the water and steam attracted the curiosity of the children of the vicinity, and the defendant’s watchman had left his post before the accident had occurred. In that case the danger had been actually anticipated or foreseen, but not guarded against. In this case, the defendant, under the law, must be held to have anticir pated or foreseen the danger of leaving an unguarded hole, filled with water, in the street, attractive to children, and into which a child, unable to appreciate the danger, might fall.
 

 Among the cases cited and relied upon by the defendant company are Biegel v. City of New Orleans, 143 La. 1078, 79 So. 867, and Lopes v. Sahuque, 114 La. 1006, 38 So. 810. The legal principles governing those eases, however, are not the same as those applicable to the present ease. In the Biegel Case, the defendant municipality was absolved from liability for the death of a child, who had fallen into an open gutter through which a strong current was running, due to a heavy rainfall, and by which the child was carried under a culvert and drowned. The suit was brought on the theory that the city should have foreseen and provided against the accident by placing a grating at the end of the culvert. The court, after expressing a doubt as to whether the grating in question would have saved the child’s life, rejected plaintiff’s theory and dismissed the suit. In the Lopes Case, recovery was denied, apparently, because the parents of the injured child were themselves guilty of negligence, and the defendant could not have anticipated .the danger, which was remote from the accident in which the child was injured.
 

 The other authorities relied upon by the defendant company are, in our opinion, equally inappropriate to the issue involved in the' present case.
 

 The court below gave plaintiffs a judgment for $5,000. 1Ye do not see any good, reason
 
 *479
 
 why the judgment should be either increased or reduced.
 

 For the reasons assigned, the judgment of the Court of Appeals is annulled, and the judgment of the district court is reinstated and made the final judgment of this court. Costs of these proceedings to be borne by the respondent Baton Rouge Waterworks Company.