JULIA A. EATON *vs.* S. S. PIERCE COMPANY.

Suffolk. November 14, 1934. — November 15, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & LUMMUS, JJ.

*Negligence*, Motor vehicle.

At the trial of an action against the owner of a motor truck for personal injuries sustained by a child about four years of age when he was struck by the truck, there was evidence that the plaintiff was playing at the edge of a driveway in the yard of his father's house; that the defendant drove the truck, whose body was quite high and had a top, into the yard to deliver goods, and then saw the plaintiff; that upon returning to the truck after delivering the goods, he saw no one in the driveway; that he thereupon got into the truck and commenced to back out of the driveway without blowing his horn; and that after going a few feet he heard the plaintiff's screams. *Held*, that the evidence did not leave the manner in which the accident occurred a mere matter of conjecture; a finding was warranted that it resulted from negligence on the part of the defendant.

TORT. Writ in the Municipal Court of the City of Boston dated December 19, 1931.

Upon removal to the Superior Court, the action was tried before *Morton*, J. Material evidence is stated in the opinion. The judge denied a motion by the defendant that a verdict be ordered in its favor. There was a verdict for the plaintiff in the sum of $2,000. The defendant alleged an exception.

*E. T. Doherty*, for the defendant.
*R. B. Coulter*, for the plaintiff.

RUGG, C.J. This is an action of tort to recover compensation for personal injuries alleged to have been sustained by the plaintiff as the result of negligent operation of an

automobile owned by the defendant and operated by its agent. The plaintiff at the time of the accident was three years and nine months old, and was unable to testify. The accident occurred in the driveway beside the house where the plaintiff lived with her family. The uncontradicted evidence tended to show these facts: The house is set back from the street about forty-five to fifty feet. A dirt and gravel driveway runs from the street by the side of the house. A wire fence separates the driveway from the lawn of the adjoining premises. The accident happened about half past two on a September afternoon. The plaintiff was playing in the yard of her home as was her custom. She was a quiet, well behaved child, and very intelligent. No one saw the accident, but a witness who had been raking grass on the lawn left the plaintiff playing near the house and along the edge of the driveway; she was making figures in the gravel. A truck of the defendant drove into the driveway to deliver an order of groceries at the house of the plaintiff's father. The driver testified that he saw a little girl when he drove into the driveway; that after making the delivery he went to the back of the truck to put an empty box into the truck; that at that time there was nobody in the driveway; that he immediately got into his truck and began to back; that he did not blow his horn and did not know he had struck anybody until he heard the screams; that he had not gone more than ten feet when he was conscious of the accident. The truck of the defendant was not covered but was open at the sides, quite high, and had a top on it. The accident happened about twenty-five feet from the sidewalk. The driver of the truck was familiar with the premises. The driver testified that he could tell that before the accident the child did not come from the lawn bordering the driveway nor from the sidewalk, and could not have come from the other side where there was a thick hedge with a wire fence.

The defendant's only contention is that any attempt to determine how the accident occurred is pure conjecture and speculation. That contention cannot be supported. Manifestly the child was rightfully playing in her own yard. No negligence can be attributed either to her or to her custodian.

As was said in *Minsk* v. *Pitaro*, 284 Mass. 109, at page 112: "The backing of any vehicle entails more or less limitation on the view by the driver of the area to be traversed and thus requires corresponding vigilance on his part to avoid causing injury to persons who are known to be, or likely to be, there, whether the vehicle is being backed on a public street or on private land." Numerous cases are cited in support of that proposition. The case at bar is governed by that decision.

*Exceptions overruled.*