Hahn et al., Appellants, v. Anderson et al.

Argued April 28, 1936.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADT-
FELD, PARKER, JAMES and RHODES, JJ.

*Ernest C. Reif,* for appellants.

*Arthur M. Grossman,* with him *Harold H. Herwitt,*
for appellees.

OPINION BY JAMES, J., September 30, 1936:

Plaintiffs have appealed from the entry of judgment
for the defendants on the whole record following a ver-
dict in their favor.

On behalf of themselves, as parents, and their minor
son, Eugene Hahn, age nine, plaintiffs brought an action
of trespass for personal injuries suffered by the minor

child when struck by an automobile driven by William A. Anderson, who, it was alleged, was in the employ of the Motor Age Transit Lines, a partnership. In its opinion, entering judgment n. o. v., the court below found that no negligence had been established, and that, at the time of the accident, William A. Anderson was not acting within the scope of his employment. As we are of the opinion the court was correct as to the first reason, we need not discuss the second.

William A. Anderson was employed as a solicitor of business for the transit company, and made use of his own automobile. On the afternoon of July 17, 1934, he drove his car to the Pittsburgh terminal of the transit company, located at the southwest corner of Wettach and Peralto Streets. Located on the corner were a gasoline tank, a garage and an office of the transit company. He drove his car onto the premises from Peralto Street and stopped just beyond a gasoline pump, with the left-front wheel of his automobile on the pavement of Wettach Street and the right-front wheel on the curb or sidewalk along said street. The driveway sloped from the premises towards Wettach Street. Anderson went into the office, made his report, and while observing other employees engaged in a game, was called to remove his car from the gasoline pump.

The minor plaintiff and his companion, Steve Galetich, age eleven, were the only witnesses, produced by the plaintiffs, who described the details of the accident. According to Steve Galetich's testimony, he was seated on the pavement with his back to the automobile, evidently to its right, while Eugene Hahn was sitting on the sidewalk in front of the automobile, with his back to it; and after the automobile struck the minor plaintiff, it ran out into Wettach Street. He further stated the automobile "just came out of the garage," but later testified that he had his back to it and did not see the automobile until after his boy friend was hurt;

that while sitting on the pavement, he was about three feet from the garage, while Eugene Hahn was about four feet. Eugene Hahn testified he was sitting on the sidewalk and did not hear or see the car before he was struck.

When Anderson was called to remove his car, a sport coupe, he approached from the rear of his car and proceeded in first gear. He heard something bump and after traveling about ten feet, observed, through the mirror, the injured child lying in the street about four feet to the rear of the car. The radiator of the car was about 50 inches high while the boy seated in a chair was 26½ inches high. Defendants' witness, William Harper, testified he was seated at the window in the garage, saw the boy playing, saw him sit down on the front of the right bumper of the car, and saw Anderson get into the car, but before he could sound a warning, the car was driven over the child.

The true test of the right to enter judgment n. o. v., is whether, at the close of the trial, the trial court should have given binding instructions; and the testimony should not only be read in the light most advantageous to the successful party, all conflicts therein being resolved in his favor, but he must be given the benefit of every fact and inference of fact pertaining to the issue involved which may reasonably be deduced from the evidence: *Lessy v. Great A. & P. Tea Co.,* 121 Pa. Superior Ct. 440, 183 A. 657.

The only testimony, from which the slightest inference of negligence may be found, is the statement of the minor plaintiff's companion that the automobile "just came out of the garage"; but there is no testimony as to how far the car proceeded when it struck the child. This is not sufficient from which an inference can be drawn that the driver could have seen the child from the point where he entered the car or where he was sitting. This testimony, taken in connection with other

testimony of this witness that he was sitting within three feet of the garage, had his back to the automobile and did not see it until after the accident, was not sufficient upon which to base a finding of negligence. Negligence is the lack of due care under the circumstances. We are unable to find that the driver failed to perform any duty resting upon him to protect those making use of the sidewalk or the highway. Had the injured child been walking upon the sidewalk or the pavement, a different situation would be present. But the duty of a driver crossing a public sidewalk or pavement cannot be so far extended as to require him to make observations and examinations around and under the automobile, especially where no notice has been brought home to him of the presence of others to whom he owes the duty of reasonable care.

In its opinion, refusing a new trial, the court below said: "Was the defendant in this case guilty of a want of ordinary care? The driver did not see the child. He was not in such position that he could have been seen. There were no conditions existing which gave him warning that a child might be sitting upon the street in front of his car. The cause producing the accident was certainly unusual, and, in the exercise of ordinary care, could not have been foreseen. To hold this defendant guilty of negligence would be to establish a rule of law requiring every driver of a motor vehicle to look completely around, and possibly under, his car before starting it in motion. By so doing was the only way this accident could have been avoided. To so hold would be to hold that all drivers are the insurers of the safety of all other persons, which, of course, they are not." We can add nothing to the force of this reasoning.

The assignment of error is overruled and the judgment is affirmed.