MARIO RIOTTO, BY HIS NEXT FRIEND, MICHAEL RIOTTO, AND MICHAEL RIOTTO, INDIVIDUALLY, PLAINTIFFS-RESPONDENTS, v. GORMAN'S EXPRESS, INCORPORATED, AND FRED LUDVIG, DEFENDANTS-APPELLANTS.

Submitted October 5, 1937—Decided January 28, 1938.

Before Justices LLOYD, CASE and DONGES.

For the appellants, *Martin Klughaupt* and *Jerome Alper*.

For the respondents, *Nicholas Martini*.

LLOYD, J. A truck of the defendant company was backed on the boy plaintiff while he was playing in a yard adjoining both the garage occupied by the express company defendant and the ice house rented by the boy's father, both being tenants of a common landlord.

For the injuries resulting judgment was given for the plaintiffs against both defendants and the latter appeal, contending that there should have been a nonsuit or direction of a verdict in defendants' favor. Also that there were errors in the rulings on evidence.

The motions were properly denied. From the evidence it was open to the jury to find that the yard in which the accident happened was one used by the tenants of the respective buildings. While it does not appear that the adult plaintiff

had actually leased the yard or any part of it, on the contrary it did not appear that the defendant company had the exclusive use of the yard, but whether the plaintiff had a right of user or the yard was still in the possession of the landlord with the right of user only in the defendant company, a duty would be owing to the occupants of the yard to use reasonable care in the operation of its vehicles. *Guinne* v. *Delaware and Atlantic Tel. and Tel. Co.,* 72 *N. J. L.* 276; 62 *Atl. Rep.* 412. In either event the child would not be a trespasser in the yard so far as the defendants were concerned. There was evidence that the truck was backed without warning and that the child was injured in consequence.

Examination of the remaining specifications respecting the rulings on evidence discloses that none of them are presented with sufficient identification of the questions and answers presented to bring anything before this court.

The judgment is affirmed, with costs.