Francis B. Callahan, b. n. f. *v.* Ida Mae Disorda.

October Term, 1940.

Present: Moulton, C. J., Sherburne, Buttles, Sturtevant and Jeffords, JJ.

Opinion filed November 8, 1940.

334

*James E. Bigelow* for the defendant.

*Asa S. Bloomer* for the plaintiff.

BUTTLES, J. The accident which is the basis for this tort action for negligence occurred on August 17, 1939, at about 6:15 in the afternoon. The defendant, accompanied by a man named Savage, drove her automobile westerly on Hopkins Street in the City of Rutland and stopped near the middle of the street and nearly in front of the driveway easterly of the house occupied by her companion's brother, which is number thirty-one on the north side of the street.· Defendant's companion left the car and entered the house where he remained about five minutes while the defendant waited in the car. When Mr. Savage returned to the car he made a suggestion to the defendant which resulted in her attempting to park the car closer to the north side of the street. As she started to back the car for this purpose it struck a three year old boy who was removed, when the car was stopped, from a position under the car near the right front wheel. He had then suffered the injuries for which he here seeks, by his next friend, to recover damages. Trial by jury

below resulted in a verdict and judgment for the plaintiff and the case is here on the defendant's exceptions.

■ ■ After the conclusion of arguments of counsel but before the charge of the court to the jury the defendant moved for a directed verdict and saved an exception to the denial of her motion. The plaintiff contends that this motion was not properly for the consideration of the court because it was too general and was not made until too late. The sole ground for the motion was stated to be "that from all the evidence in the case there appears no evidence that the defendant was in any way negligent in the operation of her motor vehicle at the time and place and event in question." In *Stoddard & Son* v. *North Troy,* 102 Vt. 462, 470, 150 Atl. 148, such a motion was based on the ground that the evidence, viewed in the light most favorable for the plaintiff, wholly failed to establish any right of action arising out of the contract alleged. The issues in that case were quite complicated and it was held that the ground stated failed to point out any precise basis upon which the motion was predicated and was too general for consideration. There was a similar holding in *Saliba* v. *N. Y. C. R. R. Co.,* 101 Vt. 427, 144 Atl. 194, with respect to the ground that the evidence so viewed made out no cause of action against the defendant; also in *Porter Screen Co.* v. *C. V. Ry. Co.,* 92 Vt. 1, 6, 102 Atl. 44, and in *Merchants National Bank* v. *Carpenter,* 105 Vt. 339, 342, 165 Atl. 909, in both of which the ground of the motion was that on all the evidence the plaintiff was not entitled to recover. In *Castonguay* v. *Grand Trunk Ry. Co.,* 91 Vt. 371, 375, 100 Atl. 908, the ground that upon all the evidence there was no question of fact for consideration of the jury was held to be too general. Reference to other cases in which the ground stated for a motion for a directed verdict has been held too general to require consideration is unnecessary. The distinction between these cases and the present case is obvious. Here the ground stated was lack of evidence tending to prove one element of the plaintiff's case which was essential to her recovery. Under the circumstances disclosed it was not too general to bring to the court's attention the precise point relied upon. See *Dansro* v. *Scribner et al.,* 108 Vt. 408, 411, 187 Atl. 803.

■ A motion for a directed verdict made at the close of the evidence is seasonably interposed and is in accordance with

the rules of practice in this state. *Derragon* v. *Village of Rutland,* 58 Vt. 128, 135, 3 Atl. 332. There has been no change in our practice in this respect since that case was decided. As to whether such a motion may properly be made at a stage of the trial later than the close of all the evidence the practice in the different states is not uniform. According to some authorities a verdict may be directed, if warranted by the evidence, at any stage of the trial before a verdict is actually received by the court and recorded unless the submission to the jury of itself has operated to deprive the unsuccessful party of some right formerly available in his behalf. 64 Corpus Juris 502. In this State it has been held that a motion for a directed verdict cannot be granted after the case has been submitted to the jury, a verdict returned and the jury discharged. *Tarbell* v. *Grand Trunk Ry. Co.,* 94 Vt. 449, 451, 111 Atl. 567. Nor can a motion for judgment *non obstante* filed after verdict rendered but before judgment be treated as a motion to direct a verdict since it comes too late to function as such. *Shurtleff* v. *Udall,* 97 Vt. 156, 164, 122 Atl. 465. During the time between the close of the evidence and the submission of the case to the jury we perceive no reason why the court, in its discretion, may not entertain and rule upon such a motion. Indeed since the court may, in its discretion, allow witnesses to be called after arguments have begun, *Buchanan* v. *Cook,* 70 Vt. 168, 173, 40 Atl. 102, justice would seem to require that the court have the same discretionary power with respect to the making or renewal of a motion for a directed verdict during or at the close of the arguments. In the present case the action of the court in receiving and passing upon the motion when it did was in effect a ruling that the same was timely and the contrary not appearing the ruling will be presumed to have been made as a matter of discretion. *Slack* v. *Bragg,* 83 Vt. 404, 412, 76 Atl. 148; *Shields* v. *Vt. Mut. F. Ins. Co.,* 102 Vt. 224, 251, 147 Atl. 352. No abuse of discretion appears. That the court ruled upon the merits of the motion as a question of law, as it should, is indicated by its allowance of exceptions on all grounds stated.

The only witness who testified to seeing the accident was Mrs. Buffum who was sitting on some part of the porch of her house distant 400 or 500 feet easterly from the place where it occurred. She testified that she had been watching the child

playing on the sidewalk for some time before the defendant stopped her car in the street and all of a sudden Mrs. Disorda backed her car up or started to back, he dashed out behind her and the wheel went over him and he just crumpled right up under the car. The credibility of the witness was attacked by the plaintiff, but her testimony was not directly contradicted. Mr. Savage testified that when he went to his brother's house he saw this child about thirty feet from the car, on the sidewalk in front of the next house easterly. When the witness returned five minutes later the child was still there but he could not say whether or not the child followed him to the car.

Taking the evidence in the light most favorable for the plaintiff, as it must be taken, the jury would have been justified in finding that the defendant knew or ought to have known that the child was in the immediate neighborhood. She was charged with the common knowledge that very young children are erratic and likely to move quickly and without regard for their own safety. If one knows that a child is in the highway he is bound to a proportionate degree of watchfulness. *Robinson* v. *Cone,* 22 Vt. 213, 224, 54 Am. Dec. 67. She testified that before starting to back her car she looked into the mirror and out of the left hand window but since the child must have been on the right of the rear of the car it seems clear that these precautions alone could not be relied upon with a due regard for the child's safety. In a recent Massachusetts case it was said, ''The backing of any vehicle entails more or less limitation on the view by the driver of the area to be traversed and thus requires corresponding vigilance on his part to avoid causing injury to persons who are known to be, or likely to be there, whether the vehicle is being backed on a public street or on private land.'' *Eaton* v. *S. S. Pierce Co.,* 288 Mass. 323, 192 N. E. 831, 832.

The evidence also showed that she inquired of Savage, who was standing beside the car on the right hand side, concerning the conditions behind her, and he told her to back the car. Savage testified that he saw no child behind the automobile at that time. But the child, as the evidence tended to show, was nearby and so close that the accident occurred almost at the moment the car was put in motion. P. L. 5110—XI imposed upon the defendant the duty to make such use of her eyes and

ears before and while backing as a prudent person would make under like circumstances. *Lee* v. *Donnelly*, 95 Vt. 121, 125, 113 Atl. 542. It was also her duty to take any other precautions that a prudent person would take under like circumstances. Whether the defendant, without knowing exactly where the child was when she started to back, but with the knowledge of the child's recent presence nearby and of his likelihood to make sudden and unpredictable actions with which she was charged, acted with the degree of care required by this section, was on all the evidence, a question for the jury. Error does not appear in the denial of the motion.

 The defendant excepted to the finding that the defendant ought to be confined in close jail. The finding filed by the court reads as follows: ''And now, at the time of rendering the judgment in the above entitled cause, it is adjudged by the court that the cause of action on which said judgment is founded arose from the wilful, malicious and negligent acts of the defendant causing injuries to the person of the plaintiff, and that from a consideration of the facts, it is considered by the court that the defendant ought to be confined in close jail.'' Upon close scrutiny of this sentence it is apparent that the statement ''it is considered by the court that the defendant ought to be confined in close jail'' is a part of what is stated to be adjudged by the court. This conforms to the requirement of P. L. 2195. The statute does not require a finding or adjudication as to who if anyone received injuries. Therefore the clause ''causing injuries to the person of the plaintiff'' may be treated as surplusage and it is unnecessary to decide whether the infant suing by next friend is therein correctly termed the plaintiff. The contrary not appearing, we must assume that the trial court made such separate and independent examination of the evidence as the statute authorizing this proceeding (P. L. 2195) contemplates shall be made as a basis for the adjudication. *Domina* v. *Pratt*, 111 Vt. 166, 13 Atl. 2d. 198, 200, 204. This exception is not sustained.

*Judgment affirmed.*