K. G. JEFFREYS, ADMINISTRATOR OF THE ESTATE OF SHERRY LEE JEFFREYS, DECEASED v. CITY OF BURLINGTON, A MUNICIPAL CORPORATION.

(Filed 12 January, 1962.)

**1. Parent and Child § 2a—**

The doctrine that where the parents have employed a custodian for their child, the negligence of such custodian will be imputed to the parents, cannot apply unless such custodian is negligent, and such negligence will not be presumed from the mere fact of injury to the child while in the custodian's care.

**2. Same; Negligence § 17— Evidence held insufficient to show negligence in leaving child in custody of aunt or negligence on part of custodian.**

Evidence that the mother of a four-year old child left the child in the custody of the child's fourteen-year old aunt, that the aunt had been given custody of the child on many previous occasions and had proved reliable, and that shortly after the mother left home during the afternoon the clothes of the child caught fire from the flame of a flambeau

placed at a barricade around a part of the street under repair, *is held* insufficient to show negligence on the part of the parents in leaving the child in custody of her aunt or negligence on the part of the custodian which could be imputed to the parents.

APPEAL by plaintiff from *Clark, J.,* February Civil Term 1961 of ALAMANCE.

This is a civil action to recover for the wrongful death of Sherry Lee Jeffreys, a child, lacking only 28 days of being four years of age at the time of her death. Her death was allegedly caused by the negligence of the City of Burlington in creating a dangerous condition on Sherwood Drive, a residential street in the City of Burlington.

Plaintiff's complaint alleges that on Monday, 27 July 1959, the City of Burlington had caused to be torn up certain concrete pavement in front of the Jeffreys' home on Sherwood Drive, and on the following day, Tuesday, 28 July 1959, the City of Burlington had refilled the excavation in said pavement which had been torn up, and poured concrete preparatory to placing asphalt as a topping over said concrete base after the same had dried. That about 3:30 p.m. on 28 July 1959, after the agents and servants of the City of Burlington had poured said concrete, they placed around said concrete flare pots, and after having lighted them they placed adjacent to the wet concrete two or more wooden barricades, and left, leaving the flares burning.

It is further alleged that about 4:00 p.m. on 28 July 1959, the plaintiff's intestate, while playing in or near said street, came in contact with the flame from one of the aforesaid flares, setting fire to her clothing, and as a result thereof she received burns resulting in her death.

The defendant answered and alleged that the repair work on Sherwood Drive necessitated the excavating of an area approximately 30 feet long and 10 feet wide on the east side of said street next to the curb and gutter. That the asphalt was removed, the excavation made, and a new concrete foundation poured. That it was necessary to allow the concrete to set before the asphalt could be applied and the repair work completed. That in order to provide notice to the public of the hazardous condition existing in said street pending the completion of the repair work, as well as to prevent damage to the concrete base while it was setting up, the defendant, through its servants and agents, caused five wooden barricades to be placed around such area, completely enclosing the same from the traveled area on said street. That in order to advise the public, specifically the operators of motor vehicles on said street, of the existing condition and danger during the interim period, and especially during the nighttime, the

servants and agents of the defendant, upon completion of the work about 4:00 p.m. on Tuesday, 28 July 1959, caused smudge pots or flares to be placed in the street area adjacent to the said wooden barricades and caused the same to be lighted. That at the time the servants and agents left the area of the repairs there were no persons in the immediate area thereof.

The defendant denied any negligence on its part in connection with the death of plaintiff's intestate, but alleged that if the defendant was negligent in any respect, the parents of plaintiff's intestate were guilty of contributory negligence in failing to properly supervise their child.

The plaintiff's evidence tends to show that about 3:25 p.m. on the day of the accident, the mother of the child left home and went to a Laundromat; that plaintiffs' intestate and her older brother were left in the care of the mother's sister, Arlene Hurlocker, who was nearly fourteen years of age. The mother testified that she had been using this sister as a babysitter time and time again for at least one and a half years. Flares and barricades had been placed in the street around the area that was being repaired the night before plaintiff's intestate was burned. The mother had warned a neighbor child on the morning of the accident not to play with the flares. She had also stopped her own son from carrying water from the house to pour on the flares. The mother denied that the flares were in the street when she left to go to the Laundromat.

The defendant's evidence tended to show that the barricades were placed in the street by the employees of the City around 3:30 p.m. on 28 July 1959 and that a colored man was sent back to the scene about 3:50 p.m. to place and light the flares.

Issues of negligence, contributory negligence and damages were submitted to the jury. The first issue as to the negligence of the defendant was answered in the affirmative. Separate issues as to the contributory negligence of the father and mother of plaintiff's intestate were both answered in the affirmative.

Judgment was entered on the verdict and the plaintiff appeals, assigning error.

*Clarence Ross and Thomas C. Carter for plaintiff appellant.*
*W. D. Madry; Dalton, Long & Latham for defendant appellee.*

DENNY, J. The plaintiff's assignments of error Nos. 3 and 4 are to the submission of the second and third issues on contributory negligence, and assignments of error Nos. 11 and 12 are directed to the following portions of the court's charge to the jury on said issues: "So here if you find from the evidence and by its greater weight that there

was negligence on the part of the custodian and that this negligence on the part of the custodian of the infant child was the proximate cause or one of the proximate causes contributing to her fatal injury by burning, and you are further so satisfied that the father K. G. Jeffreys consented and agreed to the appointment of this custodian, then you should answer that second issue 'Yes' in favor of the defendant, the City of Burlington." (Exception No. 11) "(A)nd likewise, as to the third issue, if you are satisfied by the evidence and by its greater weight that the mother was negligent in leaving the child as she did under the circumstances, all the circumstances you find them to have been and that her negligence constituted want of due care and was one of the proximate causes of the death and fatal injury of the child, or that the custodian of the child was employed by her and that the custodian was negligent in the care of the child and failed to exercise ordinary prudence by keeping the child away from dangers which she knew, or in the exercise of due care should have known was reasonably likely to produce injury to the child, and this negligence on the part of the custodian was one of the proximate causes of the fatal injury to the child, then answer the third issue in favor of the defendant, City of Burlington, 'Yes.' " (Exception No. 12)

The mere fact that the plaintiff's intestate suffered an accident which resulted in her death, standing alone, is insufficient to establish negligence against the custodian of plaintiff's intestate. Negligence is not to be presumed from the mere fact of injury. *Etheridge v. Etheridge,* 222 N.C. 616, 24 S.E. 2d 477; *Robbins v. Crawford,* 246 N.C. 622, 99 S.E. 2d 852; *Williams v. McSwain,* 248 N.C. 13, 102 S.E. 2d 464; *Williamson v. Randall,* 248 N.C. 20, 102 S.E. 2d 381; *Sloan v. Light Co.,* 248 N.C. 125, 102 S.E. 2d 822. Therefore, where there is no evidence tending to establish negligence on the part of the custodian of a child, there is no negligence to impute to the parents of the child.

In 67 C.J.S., Parent and Child, section 46, page 749, *et seq.,* it is said: "Contributory negligence on the part of the parent ordinarily will preclude a recovery by him for an injury to the child. Similarly, contributory negligence on the part of the custodian of the child, where imputed to the parent in accordance with the rules discussed in Negligence § 163, will bar recovery by the parent.

"The ordinary rules of the law of negligence apply in determining the parent's contributory negligence. It is the duty of a parent or other person having the care, custody, and control of a child to exercise ordinary care for its safety, and, where failure to do so contributes proximately with the negligence of third persons to cause injury to the child, such parent, or other custodian, is guilty of contributory negligence.
* * *

"Ordinary care on the part of a parent or other custodian of a child is such care as a person of ordinary prudence would exercise for the child's safety under the same or similar circumstances. * * * (A) parent may be free from contributory negligence where the child escapes into a place of danger in the street or highway while temporarily left alone or while the parent's attention is momentarily diverted from the child, * * * citing *Brown McClain Transfer Co. v. Major's Adm'r.,* 251 Ky. 741, 65 S.W. 2d 992; *Smith v. City of Baton Rouge,* 166 La. 472, 117 So. 559; s.c., 9 La. App. 19, 119 So. 98.

In 65 C.J.S., Negligence, section 163, page 805, *et seq.,* it is said: "Where a child sustains injury as the result of the concurrent negligence of a third person and one in whose charge he has been placed by a parent, the negligence of the custodian may be imputed to the parent. Where, however, the relation of master and servant or principal and agent with respect to the care, custody, and control of the child does not exist between the parent and the custodian, the negligence of the latter is not imputed to the parent, * * *" citing *Seaboard Air Line Ry. Co. v. Sarman,* 38 Ga. App. 637, 144 S.E. 810. See also *Ferrell v. Cotton Mills,* 157 N.C. 528, 73 S.E. 142, 37 L.R.A. (N.S.) 64, and *Comer v. Winston-Salem,* 178 N.C. 383, 100 S.E. 619.

There is no evidence offered in the trial below tending to show that the relation of master and servant existed between Arlene Hurlocker, the custodian, and the parents of plaintiff's intestate or that the parents of the child had any reason to believe that the sister of the child's mother was not a reliable custodian of the children. The evidence of the mother of the plaintiff's intestate and sister of the custodian on this point was as follows: "I left Sherry and my son with my sister, and they had been left with her time and time again, and I felt they were safe with her because she had always proven to be capable. * * * When I left, Sherry wanted to go outside and I asked Arlene if she would help her get her rocking chair on the front porch, she wanted to sit out there with her doll. When I left home Arlene was in the process of getting her settled and the little boy was inside, he wanted to watch television."

Where was the custodian when the little girl went into the street? She may have been engaged in a legitimate errand, consonant with her duties as custodian of the children left in her care. The evidence is silent in this respect.

A careful examination of the evidence adduced in the trial below leads us to the conclusion that it is insufficient to support the issues of contributory negligence submitted to the jury as to the respective parents of plaintiff's intestate. Neither do we think the evidence tends to support the view that the parents of plaintiff's intestate were negli-

gent in leaving their children at the home in the custody of Arlene Hurlocker.

In our opinion, the evidence offered in the trial below did not warrant the instruction given on the issues of contributory negligence to which the plaintiff excepted and assigns as error, and we so hold.

These assignments of error are upheld.

Since the verdict below was in favor of the defendant on the second and third issues, the City did not appeal. Hence, the question as to whether or not the defendant is entitled to a nonsuit on the evidence presented on this record is not before us for consideration.

A new trial is awarded the plaintiff.

New trial.