COMMONWEALTH *vs.* WILLIAM GOLDBERG.

Suffolk. March 5, 23, 1925. — April 15, 1925.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Evidence*, Inference, Circumstantial.

At the trial of a complaint charging the defendant with operating a motor vehicle upon a public way so that "the lives and safety of the public might be endangered," there was evidence tending to show that the defendant drove a motor truck past a street car and struck a woman who was crossing the street in front of it; that the defendant then got off his truck, which had gone forward twenty-five or thirty feet, and came back to where the woman was lying; that a witness charged him with hitting the woman and that he said that it was the first accident he had ever had; and that there was no other truck in the vicinity of the accident. Another witness, who testified that he had been driving an automobile behind the street car and that he saw a truck, going at the rate of fifteen to twenty miles an hour, pass him and strike a woman crossing a street, was permitted to testify, subject to exception by the defendant, that he saw a man, whom he could not identify as the defendant, come back from the direction of the truck and say to the crowd, "I didn't see any woman, I was in front of the car"; that he, the witness, then turned to the man and said, "No, you weren't, my friend, I was right behind you. The woman was right in front of your truck"; and that the man made no answer but turned and walked away. The judge charged the jury that they were not to consider this testimony unless they found as a fact that the defendant was the person with whom the conversation was held. *Held*, that there was evidence warranting a finding that the conversation was held with the defendant, and that the exception must be overruled.

COMPLAINT, received and sworn to in the Municipal Court of the Roxbury District of the City of Boston on January 9, 1924, charging that the defendant on Columbus Avenue, a public way in that district, "did operate a certain automobile so that the lives and safety of the public might be endangered against the peace of said Commonwealth and the form of the statute in such case made and provided."

On appeal to the Superior Court, the complaint was tried before *Stone*, J., a judge of a district court sitting in the Superior Court under Sts. 1923, c. 469; 1924, c. 485. Mate-

rial evidence and exceptions by the defendant are described in the opinion. The defendant was found guilty and alleged exceptions.

*W. J. Patron*, for the defendant, submitted a brief.

*M. Caro*, Assistant District Attorney, for the Commonwealth.

SANDERSON, J. The defendant was convicted of so operating a motor vehicle that the lives and safety of the public might be endangered. The testimony of the Commonwealth tended to show that the defendant was operating a motor truck at a speed of fifteen to twenty miles per hour when it hit a woman crossing the street in front of an electric street car which had been stopped and which the truck had passed.

Subject to the exception of the defendant, the witness Earle was permitted to testify that he saw a man, whom he could not identify as the defendant, come back from the direction of the truck and say to the crowd, "I didn't see any woman, I was in front of the car"; that he (Earle) then turned to him and said, "No, you weren't, my friend, I was right behind you, the woman was right in front of your truck"; and that the man made no answer but turned and walked away. The controlling question in the case is, whether on all the evidence the jury could reasonably infer that the man who spoke to the witness was the defendant. The judge charged the jury in substance to disregard the testimony unless they found as a fact that the defendant was the person with whom the conversation was held. The defendant denied that the truck which he was driving struck the woman, but testified that he was charged by a motorman with having struck the woman; that, having heard the barking of a dog, he had "stopped his truck just below the middle door of the surface car," and "got off the truck and went up ahead and found a woman lying in the street"; and that he gave his name, address and license number to the motorman. Another witness testified that after he saw a truck hit a woman he saw the defendant come back from the truck which had gone twenty-five to thirty feet beyond the place where the woman was lying, and when the witness charged

the defendant with hitting the woman the defendant said that it was the first accident he had ever had. The witness Earle testified that he saw a truck, going fifteen to twenty miles an hour, pass his automobile and strike a woman crossing the street. There also was testimony that the truck driven by the defendant was the only truck in the vicinity at the time of the accident. The facts herein stated were sufficient to justify the jury in drawing the inference that the defendant was the man speaking to the witness Earle. *McCarthy* v. *Peach*, 186 Mass. 67. *Commonwealth* v. *Dies*, 248 Mass. 482.

*Exceptions overruled.*