JOHN H. DOONAN, administrator, *vs.* FRANK GRAVINA.

Suffolk.   May 14, 1935. — May 16, 1935.

Present: RUGG, C.J., PIERCE, DONAHUE, LUMMUS, & QUA, JJ.

*Evidence*, Of identity.

The evidence, at the trial of an action for personal injuries alleged to have been sustained through negligence of the defendant in operating an automobile, warranted a finding that the defendant was the operator of the automobile which injured the plaintiff.

TORT, originally by James Doonan, referred to in the opinion as the plaintiff.   Writ dated December 10, 1930.

The action was tried in the Superior Court before *Greenhalge*, J.   Material evidence is stated in the opinion.   Subject to leave reserved, a verdict for the plaintiff in the sum of $3,000 was recorded.   Thereafter the judge ordered entered a verdict for the defendant.   The plaintiff alleged exceptions.   Subsequently the plaintiff died and the administrator of his estate was admitted to prosecute the action.

*J. J. O'Hara*, for the plaintiff.

*T. H. Mahony*, for the defendant, submitted a brief.

RUGG, C.J.   This is an action of tort whereby the plaintiff seeks to recover compensation for personal injuries,

sustained while a pedestrian on a public way, caused by negligence of the defendant in operating an automobile on August 29, 1930. A verdict was returned for the plaintiff by the jury, and under leave reserved the trial judge entered a verdict for the defendant. The plaintiff's exceptions bring the case here. The plaintiff's declaration alleged injury received through negligence of the defendant. The defendant filed an answer consisting of a general denial and a plea of contributory negligence and want of due care on the part of the plaintiff. The defendant concedes in his brief that there was evidence from which the jury might find due care upon the part of the plaintiff, negligence upon the part of the operator of the automobile, and damages sustained by the plaintiff.

The only issue argued is whether there was sufficient evidence to identify the defendant as the operator of the automobile. On this point one Hamlet testified that on October 1, 1930, he attended a proceeding in the Municipal Court on a phase of this accident, that the accident was there described, that the defendant was present at that hearing and testified that he was the owner and operator of the automobile involved in the accident. This evidence tended to identify the defendant as the owner and operator of the automobile whereby the plaintiff was injured. With the other conceded evidence it was enough to warrant a verdict for the plaintiff. The defendant had appeared generally. He was before the court for all purposes. *Henry* v. *Sweeney*, 216 Mass. 112. *Paige* v. *Sinclair*, 237 Mass. 482, 484. *Universal Supply Co.* v. *Hildreth*, 287 Mass. 538, 541.

Hamlet also testified that about December 14 or 15, 1930, he met the defendant on the street who said that he had moved from the address given by him at the hearing in the Municipal Court and was living at 9 Bismark Street, Mattapan. The officer's return showed that on December 18, 1930, service of the writ was made by leaving a summons at 9 Bismark Street, Mattapan, the last and usual place of abode of the defendant. This in connection with the other evidence falls far short of failing to identify the

defendant as the operator of the automobile which injured the plaintiff. *Karpowicz* v. *Manasas*, 275 Mass. 413, 420, 421. Cases like *Hinds* v. *Bowen*, 268 Mass. 55, *Warecki* v. *United States Fidelity & Guaranty Co.* 270 Mass. 233, and *Knowles* v. *Great Atlantic & Pacific Tea Co.* 287 Mass. 400, are plainly distinguishable in their facts from the case at bar. Here there was categorical testimony to the effect that the defendant had stated under oath that he was the operator of the automobile in question.

The plaintiff's exceptions are sustained and judgment is to be entered for the plaintiff on the verdict originally returned by the jury. *Kaminski* v. *Fournier*, 235 Mass. 51, 55.

*So ordered.*