ALICE FRASCIELLO *vs.* JULIUS BAER.

Suffolk.   November 17, 1939. — December 29, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, DOLAN, & RONAN, JJ.

*Negligence,* Motor vehicle, In use of way.   *Evidence,* Of identity.

Evidence that the operator of a motor vehicle in backing it ran against
a child playing at the curb warranted a finding. of negligence on his
part.

Although a girl, over nineteen years of age at the time of the trial of an
action for personal injuries sustained by her when seven years of age
and alleged by her to be due to negligence of the operator of a motor
truck, was unable at the trial to identify the defendant as the opera-
tor, a finding of such identity was warranted by evidence of identity

of the name of the defendant and of the operator of the truck, of admitted conduct of the defendant near the time of the accident and after he learned of it the next morning, and of certain answers to interrogatories by the plaintiff introduced in evidence by the defendant.

TORT. Writ in the District Court of Chelsea dated November 27, 1935.

On removal to the Superior Court, the action was tried on January 12 and 13, 1939, before *Walsh*, J., and a verdict was returned for the plaintiff in the sum of $492.

*W. Hadgi*, for the defendant.

*B. J. Killion*, for the plaintiff.

DOLAN, J. This is an action of tort to recover compensation for personal injuries sustained by the minor plaintiff on April 26, 1926. The action was commenced on November 27, 1935, and was tried to a jury. At the close of the evidence the defendant made a motion for a directed verdict, which was denied subject to his exception. The jury returned a verdict for the plaintiff and the case now comes before us on the defendant's exception to the denial of his motion for a directed verdict.

The only contentions of the defendant are that the evidence was not sufficient to identify the vehicle that struck the plaintiff, or to identify the defendant as its operator, and that the plaintiff did not sustain the burden of proving that the operator was negligent.

There was evidence that, at about 5: 30 P.M. on April 26, 1926, the plaintiff, then a child seven years of age, was playing on the sidewalk about ten feet from premises numbered 39 Cherry Street in the city of Chelsea. She was kneeling with her feet dangling over the curb into the street for a distance of "one and one half feet [*sic*]." She noticed a "truck parked in front of number 39 and . . . saw a man that she knew as Julius Baer get into the truck and back up towards her." The "truck struck her causing her to fall on her face," as a result of which she sustained injuries for which she was treated by a doctor and by her mother. Sometime later "this man" came to the home of the plaintiff and said that "they couldn't do anything to him" because he was a special police officer. The plaintiff "knew

that he was in the furniture business." The "truck that backed into her did not stop but went forward and away." The plaintiff knew, at the time of the accident, that there was more than one Julius Baer living in Chelsea; she could not identify the defendant in the court room at the time of the trial as the Julius Baer who was the operator of the vehicle involved, and she testified that she could not identify him "if she saw him on the street." The defendant put in evidence answers to interrogatories propounded by him to the plaintiff, in which she referred to the vehicle in question as the defendant's "automobile" and the defendant's "car."

The defendant, while denying that he ever owned a motor truck and that he had been involved in the accident, testified that he was at the scene of the accident on the day of its occurrence, but that he left 39 Cherry Street at about four o'clock and drove away in a "touring car"; that after he had "chased some children" from its running board he "went forward." He also testified that he first knew about the accident the following day, when "he saw an item in a Chelsea newspaper"; that as "a result of the item he went to the police station in Chelsea and had some conversation with a police officer"; that the police officer went out, and when he came back he (the defendant) promptly forgot about the accident.

The evidence would warrant the jury in finding that the operator of the vehicle that struck the plaintiff was negligent, and that his negligence caused her injuries. "The backing of any vehicle entails more or less limitation on the view by the driver of the area to be traversed and thus requires corresponding vigilance on his part to avoid causing injury to persons who are known to be, or likely to be, there, whether the vehicle is being backed on a public street or on private land." *Minsk* v. *Pitaro*, 284 Mass. 109, 112, and cases cited. *Eaton* v. *S. S. Pierce Co.* 288 Mass. 323, 325. 118 Am. L. R. 242–243, and cases cited. Obviously a sidewalk is a place where people are likely to be. See *Capano* v. *Melchionno*, 297 Mass. 1, 8. It was for the jury to find whether in the circumstances of the present

case the operator of the vehicle used proper vigilance or was guilty of negligence. The defendant has not contended that the plaintiff was guilty of contributory negligence.

The evidence warranted the submission to the jury of the questions as to the identity of the vehicle and of its operator. On his own admission the defendant was at the scene of the accident an hour and a half before the time of its occurrence. He was then driving a "touring car." Although the evidence in the main was to the effect that it was a truck that backed into the plaintiff, the defendant introduced in evidence the plaintiff's answers, to interrogatories propounded by him, to the effect that it was his "automobile," his "car," that backed into her. The jury could have found that it was either a motor "truck" or an "automobile." While the presence of the defendant at the scene of the accident shortly before it occurred would not be sufficient, standing alone, to identify him as the operator of the vehicle that injured the plaintiff, yet considered together with the identification of the operator as a "Julius Baer," and with the conduct of the defendant in visiting the police station on the day following the accident to discuss it with the police, thus evidencing a consciousness of participation in the accident (see *Banfield* v. *Whipple*, 10 Allen, 27, 31; *Labrie* v. *Midwood*, 273 Mass. 578, 580), we think the evidence was sufficient to warrant the submission of the question of fact as to the identity of the defendant to the jury. *Sutherland* v. *Feinberg*, 261 Mass. 394.

*Exceptions overruled.*