### ETHEL RYAN *vs.* ARTHUR DiPAOLO
### (and three companion cases [1]).

Middlesex.    March 2, 1943. — March 31, 1943.

Present: FIELD, C.J., QUA, DOLAN, COX, & RONAN, JJ.

*Evidence,* Of identity.

Evidence, that the operator of a motor vehicle involved in an accident personally gave his name and address at a hospital to which he took injured persons, that, in the presence of a police officer who had taken down the registration number of the vehicle, he made out and signed a detailed report of the accident as operator and owner and gave the same name and address, that the writ in an action against one of the same name was served at the address thus reported and that the defendant appeared and joined issue in the action, warranted a finding that the defendant was the operator of the vehicle.

FOUR ACTIONS OF TORT. Writs in the District Court of Natick dated April 24, 1941.

The actions were heard together by *Bigelow*, J., who found for the plaintiffs. The Appellate Division for the Northern District ordered judgments for the defendant. The plaintiffs appealed.

*L. W. Farley*, (*D. C. Kadra* with him,) for the plaintiffs.

*H. E. Cryan* & *J. A. Bradley*, for the defendant, submitted a brief.

---

[1] The companion cases were by Mildred Bliss, Julia Marshall and Evelyn M. Sweeney against the same defendant.

RONAN, J.  The operator of the automobile that was involved in a collision with an automobile in which the four plaintiffs were travelling along the Worcester Turnpike, in Framingham, at one o'clock on the morning of November 27, 1940, took two of the plaintiffs to a hospital, where he described himself as Arthur DiPaolo, Waushakum Street, Framingham; he thereafter went to the police station in Framingham where, after a police officer took the registration number of his automobile, he made out and signed a written report in which he stated that the name of the owner and operator was Arthur DiPaolo and his residence was 84 Waushakum Street, Framingham.  This report, which was made out in the presence of the police officer, gave a detailed account of the accident.  The question is whether the trial judge was warranted in finding that the defendant was the operator of the automobile.

The defendant, who was described in the writs as of Framingham, did not object to this description but filed an answer.  He did not attend the trial.

The operator of the automobile knew that the plaintiffs, or at least some of them, had been injured by the collision, and in making the report, upon a blank with printed directions, to mail without delay to the registrar of motor vehicles, he was acting in accordance with G. L. (Ter. Ed.) c. 90, § 26.  It might also have been found that he was apparently endeavoring to comply with G. L. (Ter. Ed.) c. 90, § 24, as amended, which required him to make known his name, residence and the number of his motor vehicle "after knowingly colliding with or otherwise causing injury" to person or property.  *Commonwealth* v. *Lewis*, 286 Mass. 256.  *Commonwealth* v. *McMenimon*, 295 Mass. 467. Failure of an operator to make known his true name and residence would not comply with the statute.  If he intended to conceal his identity it is unlikely that he would have gone to the police station and made a report of the accident.  If he did make a report, it was extremely improbable that he would give a registration number of his automobile different from that known to the police officer who "saw him making out the report," or would falsely

state the name and address of the owner and operator of the automobile, or would misrepresent himself to be another person who resided at a certain address in the same town in which the police station was located or, in making out the report, that he would assume the name and address of a fictitious person. Such an attempt would be immediately detected. Moreover, there is a presumption that the operator in giving his name and address was acting honestly and not in violation of law. *Goddard* v. *Rawson*, 130 Mass. 97. *Doherty* v. *Ayer*, 197 Mass. 241. *Conroy* v. *Mather*, 217 Mass. 91. *Copithorn* v. *Boston & Maine Railroad*, 309 Mass. 363.

This report does not seem to have been introduced by the defendant for any limited purpose. It thereby became entitled to probative effect as tending to prove the truth of the statements that it contained, including the name and address of the operator of the automobile. *Damon* v. *Carrol*, 163 Mass. 404. *Hubbard* v. *Allyn*, 200 Mass. 166. *Mignault* v. *Goldman*, 234 Mass. 205. *Gethins* v. *Breeyear*, 252 Mass. 326. *Ott* v. *Board of Registration in Medicine*, 276 Mass. 566. The name and address given by the operator could therefore be found to be correct and true. Finally, it appears from the return of service upon the copies of the writs, which were furnished to the chief justice in accordance with G. L. (Ter. Ed.) c. 231, § 135, as amended, that service was made by leaving the summons at the last and usual place of abode of the defendant, "at No. 84 Waushakum Street in said Framingham." We assume that the trial judge had the pleadings before him including the writs and the returns thereon. In *Doonan* v. *Gravina*, 291 Mass. 103, the return of service was not put in evidence, but was brought to the attention of the judge. Without adverting to the weight that the law attributes to statements similar to those appearing in the returns of service in the instant cases when challenged by parties to the actions in which the service was made, see *Stewart* v. *Griswold*, 134 Mass. 391; *Bay State Wholesale Drug Co.* v. *Whitman*, 280 Mass. 188, it is enough to point out that the defendant appeared and joined issue upon the merits in response to

summonses directed to him in the same name and served at the same address as those furnished by the operator of the automobile to the hospital and to the police shortly after the accident. The defendant admits that he was correctly named in the writs. There was here more than mere similarity of name between the operator and the defendant. There was enough to warrant the finding of the judge that the defendant was the operator of the automobile that was involved in the collision with the automobile in which the plaintiffs were riding. *Dolan* v. *Mutual Reserve Fund Life Association*, 173 Mass. 197. *Ayers* v. *Ratshesky*, 213 Mass. 589. *Souza* v. *Metropolitan Life Ins. Co.* 270 Mass. 189. *Frasciello* v. *Baer*, 304 Mass. 643. *Commonwealth* v. *Ehrlich*, 308 Mass. 498.

The orders of the Appellate Division vacating the findings for the plaintiffs and ordering judgments for the defendant are reversed, and judgments for the plaintiffs, in accordance with the findings of the trial judge, are to be entered.

*So ordered.*