G-adsby, <7.
This is an action of contract in which the plaintiff seeks to recover the sum of $796.65 on a declaration with an account annexed for goods sold and delivered to the defendant.
The answer of the defendant is a general denial and payment.
At the trial the only witness who testified was the plaintiff himself. He testified that James 0. Nelson used to live in the back of his store, and that after the defendant returned from the service at the end of 1945, the plaintiff’s health was bad; and in.December, 1945, the defendant came to the plaintiff and asked to buy goods; and that the defendant wanted to open a store in Pinehurst; that he selected the various items which were enumerated in the plaintiff’s declaration consisting of furniture and various other items from the warehouse of the plaintiff. The mer *26 chandise was picked up by Nelson and brought to his store in Pinehurst. Plaintiff told Nelson that he was selling out all his wares as he was planning* to leave the state October 1, 1946. Nelson told plaintiff he was just starting business and that he would pay as he sold the merchandise piece by piece, and plaintiff insisted that whatever balance was due it would have to be paid by October 1, 1946; that the prices of the merchandise were fair and reasonable, and that he gave a list of the prices to Nelson. The original sale slips signed by James C. Nelson were introduced in evidence. These slips listed the articles, prices and were addressed to James Nelson, store in Pinehurst. Nelson at one time told plaintiff he had $85.00' to give him, but he had used it up to fix his DeSoto automobile. No bills were sent by the plaintiff to Nelson. The following letter with the return address, James 0. Nelson, Box 60, Pinehurst on the envelope, was received by the plaintiff and was offered in evidence:
“10/17/46
Mr. Benoit:
I haven’t had an opportunity to see you, since receiving your call. I’ll make an effort to sum up the situation, as I see it, in this manner.
Paying you the sum you ask, at this time, is entirely out of the question. I can’t see where it would come from, and I surely have given the subject considerable thought.
This merchandise that I have remaining, I find equal to a little more than $300. None of this is in saleable condition, and as you well know, never was. What am I supposed to do with it? I’ve been looking at it now for quite some time, and can’t seem to' find an answer.
Getting back to my financial possibilities, I wish to assure you that my intentions to do the right thing, are as always, my main trend of thought.
My proposition is this. It will be a strain, but I think I can manage it. I wish to send a money order of fifty dollars, to you on the twentieth day of each *27 month, until our account is settled. The fact, that you are leaving shouldn’t effect (sic.) this, as the mails reach everywhere. I would appreciate learning your views on this proposition as soon as you’ve given it some thought. If you wish to phone your answer, you can rely on my mother getting the message to me. I’m never in the store. My work keeps me much too busy.
A reasonable outlook on your part will mean greater benefit for both of us.
Sincerely,
/S/ J.C.N.
P. S.
The only way,_ that any of my creditors can hope to become settled, is by helping me remain in business. If I fold, we all lose.”
Defendant has paid nothing on account to date, although plaintiff requested payment of the defendant on many occasions. The defendant was not in the courtroom nor did he testify.
At the close of the trial, and before the final arguments, the defendant made the following requests for rulings: 1. The evidence warrants a finding for the defendant. Allowed * 2. Since there is no evidence of the identity of the person named as the defendant in the writ, then there must be a finding for the defendant. Denied. 3. The evidence warrants a finding that the merchandise was delivered to the defendant on a consignment basis. Denied. The delivery was not on consignment basis as a matter of fact. 4. If the Court finds that the merchandise was sold and delivered to the defendant then the plaintiff is not entitled to recover for those items which were not fit for the purpose that they were intended to be used for. Denied, as not being consistent with the facts. 5. If any of the items delivered to the defendant were not fit for the purpose for which they were intended, the defendant has a *28 right to rescind the transaction. Denied as not conforming to the facts.
The Court made a finding for the plaintiff against the defendant in the sum of $796.65.
The defendant claimed to be aggrieved by the refusal to grant request number 2, which request raised the question of the identity of the person named as the defendant in the writ.
The evidence showed that the defendant selected various' items enumerated in the plaintiff’s declaration consisting of furniture and various other items from the warehouse of the plaintiff; that the original sale slips signed by James C. Nelson were introduced in evidence. These sale slips listed the articles and prices and were addressed to James Nelson, store in Pinehurst. Nelson at one time told the plaintiff that he had some money to give him, but had used it up to fix his automobile. The plaintiff offered a letter with the return address, James C. Nelson, Box 60, Pinehurst on the envelope, which was received by the plaintiff and offered in evidence. The letter made an offer of payment on a monthly basis.
It is clear that there are facts which the trial judge found which have supplemented the identity of the defendant for drawing the proper inference that the defendant- was the James C. Nelson to whom the goods were sold.
As was said in Ayers v. Ratshesky, 213 Mass. 589 at 593, “In many, if not all of these cases, there will be found facts which supplement the identity of name as ground for drawing the inference that the same person is meant”.
In Commonwealth v. Ehrlich, 308 Mass. 498 at 500, the Court said, “There is no direct evidence that the defendant lived at the premises in question, but we cannot say that the jury was not warranted in inferring that he did. There is more to the evidence than the mere identity of names ’
*29 The defendant here filed an answer, hut did not testify. It would have been clearly within the power of the defendant to have shown if he were not the James C. Nelson to whom the goods were delivered. As was said in D’Addio v. Hinckley Rendering Company, 213 Mass. 465 at 469, “Under these circumstances the rule applies that when it is in the power of a party to an action to explain thing’s apparently telling’ against him and he fails to make the explanation, it properly may be presumed that no truthful explanation will help him”.
There being no prejudicial error, the report is ordered dismissed.

 The trial Court’s ruling and findings on each of the defendant’s requests for rulings are printed in italics following the request.