WALDO PISCO *vs.* POLICE COMMISSIONER OF BOSTON
(and a companion case between the same parties).

Suffolk.    January 5, 1954. — July 1, 1954.

Present: QUA, C.J., LUMMUS, RONAN, WILLIAMS, & COUNIHAN, JJ.

*Hackney Carriage.    Taxicab.    License.    Boston.*

The provision of St. 1930, c. 392, § 4, as appearing in St. 1934, c. 280, § 1, that hackney licenses "shall be assignable, subject to the approval of" the police commissioner of Boston does not authorize him to override the plainly expressed statutory policy of assignability but means that he shall determine in each instance whether the proposed assignee is a suitable person to have the license. [541]

In St. 1930, c. 392, § 4, as appearing in St. 1934, c. 280, § 1, the provision making hackney licenses granted thereunder "assignable . . . and . . . subject to such other terms, conditions and limitations" as the police commissioner of Boston shall prescribe refers to terms, conditions and limitations other than assignability. [541]

A policy of the Boston police commissioner of forbidding assignments of hackney licenses granted to veterans was invalid as contrary to the statutory policy of assignability established by St. 1930, c. 392, § 4, as appearing in St. 1934, c. 280, § 1; and a stipulation required by the commissioner of a licensee in granting his license, that he would not assign it, was illegal and not binding on him, and, upon subsequently applying to the commissioner for approval of an assignment of his license, he was entitled to have the commissioner consider his application without regard to such stipulation or the commissioner's policy. [541–542]

Two PETITIONS, filed in the Supreme Judicial Court for the county of Suffolk on September 25, 1953.

The cases were reserved and reported by *Counihan*, J., without decision.

*James L. Vallely*, for the petitioner.
*John V. Bonner*, for the respondent.

QUA, C.J.    These two petitions, one for a writ of certiorari and the other for a writ of mandamus, are brought by the same petitioner against the same respondent for the purposes respectively of having quashed an order of the respondent dated March 24, 1953, whereby he denied an

application of the petitioner for approval of an assignment of a hackney carriage license held by the petitioner to one Leccese, and of compelling the respondent to approve the transfer. Each petition also contains a prayer for declaratory relief, in which the respondent joins.

The applicable statute is St. 1930, c. 392, § 4, as appearing in St. 1934, c. 280, § 1. It is there provided that the police commissioner shall annually grant to "suitable" persons living in Boston hackney licenses which shall be renewable "as of right" unless, after a hearing, good cause appears to refuse renewal. "Licenses granted under this section shall be assignable, subject to the approval of said commissioner, and shall be subject to such other terms, conditions and limitations . . . as said commissioner shall from time to time prescribe." The commissioner is to fix the number of licenses to be granted, subject to certain limitations specified in the section and subject to the authority of the department of public utilities to increase the number as therein provided.

The pertinent facts are that on December 31, 1945, the department of public utilities increased the permissible number of licenses by 192. The respondent, having a great many more applications for licenses than could be granted even with this increase, decided to consider only applications from veterans, and believing that many veteran applicants would transfer their licenses to nonveterans, he required each applicant to sign a written stipulation or agreement, which was set out on the face of the application, that he would not assign or transfer any right, title, or interest in the license, and that any attempt to assign or transfer should be cause for revocation. On October 25, 1949, a license was issued to the petitioner, who signed the agreement or stipulation. We construe the records in both cases, as have the parties, as showing that the real reasons for the respondent's refusal to approve the transfer are his policy of forbidding assignments of the licenses granted to veterans and the agreement or stipulation signed by the petitioner when he applied for his license.

The statute from which we have hereinbefore quoted expressly provides that hackney licenses granted by the commissioner "shall be assignable." The words "subject to the approval of said commissioner," which immediately follow, do not mean that the commissioner can overrule the policy of permitting assignments which the statute so plainly lays down. The obvious meaning of these words is that the commissioner shall in each case of proposed assignment determine whether the proposed assignee is a "suitable" person to have such a license. Possibly other circumstances connected with the particular transfer might be open to consideration. The later words "and shall be subject to such *other* [emphasis supplied] terms, conditions and limitations . . . as said commissioner shall from time to time prescribe" refer to terms, conditions, and limitations "other" than assignability. The provision that these licenses shall be assignable was introduced into the section by St. 1934, c. 280, § 1. Before that change the sentence in question read simply, "Licenses granted under this section shall be subject to such terms, conditions and regulations . . . as said police commissioner shall from time to time prescribe." As the sentence then read the commissioner could in his discretion make the licenses assignable or nonassignable. If he can still do that the change made in 1934 meant nothing.

The statutory policy in favor of assignability applies to all licenses. Yet the commissioner has attempted to set up a class of licenses issued to veterans which are not assignable. The policy of the commissioner is in conflict with the statute. The petitioner is not bound by an illegal condition which the commissioner attempted to affix to the petitioner's license. *W. W. Cargill Co.* v. *Minnesota,* 180 U. S. 452, 468. *Power Manuf. Co.* v. *Saunders,* 274 U. S. 490, 496–497. *United States* v. *Smith,* 39 Fed. (2d) 851, 856. *Standard Airlines, Inc.* v. *Civil Aeronautics Board,* 177 Fed. (2d) 18. *Peoples Bank* v. *Eccles,* 82 U. S. App. D. C. 126, 134. See *Camp* v. *Rex Inc.* 304 Mass. 484, 486.

The cases now before us do not require a decision of the

question lurking in the background whether it was within the power of the commissioner to establish a preference for veterans in the matter of hackney licenses. No one has raised that issue. We make no implication as to that question.

The admissions of the respondent in his answer do not quite go to the extent of establishing that the proposed assignment is in every respect a proper one, although they go a long way in that direction.

In the petition for certiorari judgment is to be entered quashing the action of the respondent in refusing his approval to the assignment. In the petition for mandamus judgment is to be entered that a writ issue commanding the respondent to reconsider the petitioner's application for approval of the assignment without regard to any stipulation, agreement, condition, or policy against assignability. In each case the judgment is to contain a declaration that the petitioner's license is assignable and that the stipulation, agreement, condition, or policy to the contrary is illegal and invalid.

*So ordered.*