ROSALIE LODGE vs. CONGRESS TAXI ASSOCIATION, INC.
& another.[1]

Suffolk.    January 5, 1960. — March 16, 1960.

Present: WILKINS, C.J., WILLIAMS, COUNIHAN, WHITTEMORE, &
CUTTER, JJ.

*Evidence,* Of identity, Public record, Of ownership, Of agency. *Negligence,* Motor vehicle.

On the issue in an action whether a taxicab involved in a collision and
  bearing certain registration and hackney license medallion numbers
  was owned by the defendant, it was proper to admit as a public
  record an application by the defendant to the police commissioner of
  Boston for a renewal of hackney license for a taxicab stated to have
  the same numbers and to be owned by the defendant.    [572–573]
One in whose name as owner a taxicab was registered must be held re-
  sponsible for negligence of an operator of the taxicab causing a collision
  in which a passenger was injured where there was no evidence to rebut
  the prima facie evidence of such responsibility created by G. L. c. 231,
  § 85A.    [574]
Evidence of the circumstances in which the operator of a taxicab, upon
  seeing an automobile approaching from the opposite direction "more
  or less" in the middle of the street, stopped suddenly and then backed
  the taxicab, colliding with another automobile behind it, warranted a
  finding of negligence of the operator of the taxicab toward a passenger
  therein injured in the collision.    [572, 574]
Evidence merely that the name given by the operator of a taxicab in-
  volved in a collision was the same as that of the defendant in an action
  arising from the collision, upon whom the writ was served in hand,
  was not enough to identify the defendant as the operator.    [574–575]

TORT.   Writ in the Municipal Court of the City of Boston
dated January 15, 1957.

Upon removal to the Superior Court the action was tried
before *Macintosh,* J., a District Court judge sitting under
statutory authority.

*Philip T. Corwin, (Warren G. Miller* with him,) for the
defendants.

---

[1] Whitney Rogavey.

*Ralph Arnoldy,* (*Murray P. Reiser* with him,) for the plaintiff.

COUNIHAN, J. On June 10, 1956, William Lodge and Rosalie Lodge, his wife, with their three children Gwendolyn, Karen, and Michael W., were riding on Warren Street, Roxbury, in a taxicab allegedly owned by Congress Taxi Association, Inc. (Congress), which because of the negligence of Whitney Rogavey, the alleged driver of the cab, collided with another automobile. The declaration in this action of tort against Congress and Rogavey which contained ten counts sought to recover damages for personal injuries sustained by all the occupants of the taxicab as the result of that collision. William also sought to recover consequential damages on account of injuries to his wife against both defendants.

The action was tried to a jury who returned verdicts for Rosalie against both defendants and verdicts for the defendants on all the other counts.

The action of Rosalie against both defendants comes here upon the exceptions of the defendants to the denial of the defendants' motions for directed verdicts in their favor and to rulings of the judge on the admission of evidence.

The pertinent facts on the evidence most favorable to Rosalie are that on the evening of June 10, 1956, William, his wife and children were visiting the home of his sister at 34 Edgewood Street, Roxbury. At about 9:30 P.M. he decided to return to his own home in another part of Roxbury. He found the telephone number of Congress, HI 5-8600, in a telephone book in his sister's home and called it asking for a taxicab to pick up him and his family at 34 Edgewood Street. This evidence was admitted subject to the exception of Congress.

About five minutes later the door bell rang and he answered it. He saw a taxicab standing outside. On the side of the cab there was printed in large letters "Congress Taxi Ass'n." Its Massachusetts registration plate bore the number E23,797 and the taxicab was numbered 97. Adjacent to the registration plate was a hackney license me-

dallion bearing the number 1397. A photograph of a taxicab bearing these numbers was introduced in evidence subject to the exception of the defendants. It bore the same Massachusetts registration plate and number, the same cab number and the same hackney license medallion number as the taxicab in which he and his family were riding at the time of the collision.

William and his wife and family got into this taxicab at Edgewood Street and as it went toward his house it travelled along Warren Street at about thirty miles an hour. Warren Street is about forty feet wide and there were no automobiles parked on either side of it. At a point beyond Woodbine Street, William saw an automobile coming toward the taxicab "more or less" in the middle of Warren Street. The automobile was twenty-five to thirty yards away from the taxicab when William first saw it. The cab driver "jammed on his brakes" and came to a sudden stop. He then put the cab in reverse, and when he "shot backwards . . . he banged" into an automobile which was in the rear of the taxicab. Rosalie was injured.

Subject to the exception of Rogavey, William testified that he got the name of the driver of the cab and its number. The name the driver gave him was Whitney Rogavey, residing at 118 West Newton Street, Boston, and the number of the cab was 97. This evidence was excluded in the action of Rosalie against Congress.

Neither of the defendants offered any evidence on the count in which Rosalie sought damages.

An employee of the police department of the city of Boston who had charge of the official records of the police department pertaining to the licensing of hackney carriages was called by Rosalie. He brought with him from the official records of the department an original application for renewals of hackney licenses filed by Congress. Subject to the exceptions of Congress he testified that included in the application for renewals filed by Congress on January 3, 1956, there appeared to be an application for a renewal of a hackney license for an automobile bearing Massachusetts

registration plate number E23,797, medallion number 1397, and owned by Congress of 1890 Columbus Avenue, Roxbury. The application for a hackney license for this automobile was granted as of February 1, 1956, and expired on January 31, 1957. Subject to the exception of the defendants the original application for renewals was admitted in evidence as an exhibit. It purported to be signed by William Cohen, president of Congress. The hackney license for this taxicab was issued pursuant to St. 1930, c. 392, § 4, as appearing in St. 1934, c. 280, § 1, which authorizes the police commissioner to grant hackney licenses to suitable persons living in Boston. Such licenses are renewable as of right, unless, after hearing, good cause appears to refuse renewal. See *Pisco* v. *Police Commr. of Boston,* 331 Mass. 539, 540.

William went to 1890 Columbus Avenue, Roxbury, on the day after the accident and saw that it housed no other business than Congress as indicated by signs on the building. He entered the building and talked to a dispatcher who was answering radio calls.

The real issues are whether there was sufficient evidence to identify Congress as the owner of the taxicab in which Rosalie was riding and whether Rogavey was a person for whose negligent conduct Congress was responsible.

We have no doubt that the application for renewal of hackney licenses filed with the police department was properly admitted as an exception to the hearsay rule. It was part of a public record which was required to be kept in this instance by law and by the nature of the duties of the police commissioner, and therefore was proof of the facts recorded therein. *Worcester* v. *Northborough,* 140 Mass. 397. *Commonwealth* v. *Dorr,* 216 Mass. 314, 319. *Director Gen. of R.R.* v. *Eastern S.S. Lines, Inc.* 245 Mass. 385, 399. *Commonwealth* v. *Slavski,* 245 Mass. 405, 415–417. *Commonwealth* v. *St. John,* 261 Mass. 510.

By the statutes hereinbefore referred to, the police commissioner was authorized to issue hackney licenses only to owners of the vehicles sought to be licensed. To perform this duty he would be required to keep suitable records of

persons licensed to operate hackney carriages and to main-
tain supervision over them.    Furthermore, G. L. c. 4, § 7,
Twenty-sixth, construes such records to be public records.
The inference from the information contained in the ap-
plication for renewals of hackney licenses makes it plain
that Congress was the owner of the vehicle involved in this
accident and that it had properly registered it in its name.

This is enough to make applicable the provisions of G. L.
c. 231, § 85A, which provides that in an action such as the
present action evidence that at the time of an accident or
collision the motor vehicle was registered in the name of the
defendant as owner shall be prima facie evidence that it was
then being operated by and under the control of a person for
whose conduct the defendant was legally responsible, and
absence of such responsibility shall be an affirmative de-
fence to be set up in the answer and proved by the defend-
ant.    Inasmuch as no evidence was offered by Congress to
rebut the prima facie evidence mentioned in c. 231, § 85A,
Congress must be held responsible for the negligence of the
operator at the time of the accident.

It could have been found that the operator of the taxicab
was negligent for he could have avoided any collision by
continuing to drive forward to the right or the left of the
automobile approaching him.

We have examined all of the evidential exceptions of Con-
gress and find no merit in any of them.

We are in doubt, however, about the liability of the other
defendant, Whitney Rogavey.    While it is true that there
was evidence that the driver of the taxicab gave William
Lodge his name as Whitney Rogavey and his address as
118 West Newton Street, Boston, there was no other evi-
dence that the defendant was the driver.    In *Herman* v.
*Fine*, 314 Mass. 67, at page 68, it was said that " 'bald
identity of name without confirmatory facts or circum-
stances' seems never to have been considered quite suffi-
cient to prove identity of person . . . .    The defendant's
general denial made it incumbent upon the plaintiff to prove
every element of his case, including the fact that the de-

fendant was the person against whom he had a judgment. Although very slight evidence might have been enough, at least something more than identity of names was necessary." *Bishop* v. *Pastorelli*, 240 Mass. 104, 107. *Hinds* v. *Bowen*, 268 Mass. 55, 59. Cf. *Ayers* v. *Ratshesky*, 213 Mass. 589, 593–594; *Ryan* v. *DiPaolo*, 313 Mass. 492, 494–495. In the case last cited it appeared that the return of service of the writ showed that it was served on the defendant by leaving the summons at the address which the operator gave at the time of the accident. In the case at bar service was made on the defendant in hand with no further identification.

It follows that the exceptions of Congress must be overruled and the exceptions of Rogavey must be sustained.

*So ordered.*