*Northern District*

No. 5595

**HERBERT MARTIN**

v.

**ANTHONY ANZALONE, JR.**

(April 4, 1962)

*Present:* Brooks, P.J., Eno & Connolly, JJ.

Case tried to *Loschi, J.,* in the First District Court of Eastern Middlesex. No. 3085 of 1959.

*Eno, J.* This is an action of tort in which the plaintiff seeks to recover property damage to his motor vehicle resulting out of an accident with another motor vehicle.

The answer is a general denial, contributory negligence, denial of agency, violation of law, statute of limitations and illegal registration.

At the trial the plaintiff was the only witness and from his evidence the trial judge made the following findings of facts:

"I find that after the accident, alleged to have taken place in the manner described in the plaintiff's declaration, a person in the presence of the plaintiff and his son admitted he was the one involved in the accident, said to the plaintiff that his name was Anthony Anzalone, Jr., that he lived at 235 Main Street, Everett, Massachusetts; that he, the above named, Anthony Anzalone, Jr., also said to the plaintiff that he, the said Anthony Anzalone, Jr. showed to the plaintiff his license to operate an automobile, that said license was numbered 044372V; that said Anthony Anzalone, Jr. said he lived with his father and that the car he was operating at the time of the accident was owned by his father.

I further find that the said Anthony Anzalone, Jr., was served with notice of this suit at the address given by him to wit: 235 Main Street, Everett, Massachusetts, and that he appeared through counsel and made answer to the plaintiff's declaration.

The said Anthony Anzalone, Jr. did not appear at the trial, nor was any evidence offered in his behalf.

On these facts I find for the plaintiff against said Anthony Anzalone, Jr. and

assess damages in the amount of three hundred and fifty ($350.00) dollars."

The defendant claims to be aggrieved by the allowance of the following requests for rulings of the plaintiff:

1. That upon all the evidence, the Court is warranted in finding for the plaintiff.

2. That upon all the law, the Court is warranted in finding for the plaintiff.

3. That the defendant, Anthony Anzalone, Jr. immediately after the accident and in the presence of a police officer, furnished his name and address, and his license number to the plaintiff, and identified himself as the operator of the motor vehicle that struck the plaintiff's motor vehicle in the rear; he also gave the name and address of the owner of the motor vehicle which he was operating, and the registration number, type and model thereof.

4. That a presumption exists that an operator of an automobile involved in a collision, in giving his name and address as required by Statute, was acting honestly and not in violation of law. *Ryan v. DiPaolo,* 313 Mass. 492. G. L. (Ter. Ed.), c. 90, §§26, and 24, as amended."

and by the denial of the following requests for rulings of the defendant:

1. That upon all the evidence and pleadings presented, the court find for the defendant.

2.   That upon all the evidence and plead-
ings presented, the plaintiff has failed to
sustain the burden of proving his case.

4.   That the plaintiff has failed to prove
that the defendant and the driver of the
car are the same person.

5.   That oral testimony of the plaintiff is
not sufficient evidence to prove that the
motor vehicle in question was registered
to the defendant.

7.   Evidence that a person at the time of
the accident gave the same name as the
person named defendant in this proceeding
with evidence of a registry number is not
sufficient proof of identification of that per-
son as the defendant."

The issue in this action is very simple,
was there sufficient identification of the de-
fendant warranting a finding against him?

By G. L. c. 90, §24, 2a, the person who
collided with the plaintiff's automobile was
obligated to make known his name, residence
and register number of his motor vehicle.
Failure to do so would make him subject to
a criminal prosecution and to the penalty of
a fine or imprisonment, or both.

This person, in compliance with that
section of the law, gave his name as that of
Anthony Anzalone, Jr., which is the name
of the defendant in this action; his address,
where the writ was delivered; gave his
license number and stated that the car be-
longed to his father. He appeared by counsel
and joined issue upon the merits in response

to the summons directed to him and served at the address given by him after the collision. He did not, however, appear or testify at the trial.

We think that this case closely resembles and is governed by *Ryan v. Dipaolo*, 313 Mass. 492.

There was, therefore, no error in the judge's rulings and the report is to be dismissed.

Lester A. Peace of Everett, for the Plaintiff.

A. K. Conragem of Cambridge, for the Defendant.

*Western Division*