*Northern District*

No. 5861
**WILLIAM P. HOLMES, d/b/a**
**v.**
**DAVID KAPLAN**

Dec. 26, 1962

*Present*: Brooks, P. J., Eno & Parker, JJ.

Case tried to *Viola, J.* in the Third District Court of Eastern Middlesex (Cambridge). No. 1893 of 1961.

*Brooks, P. J.* This is a suit in contract to recover for work, labor and materials in the construction of a new home for David Kaplan on Birch Hill Road, Belmont, Massachusetts. The answer is general denial, payment, unworkmanlike performance.

Service was made "at the last and usual" 10 Birch Hill Road, Belmont, Massachusetts.

The only issue raised by defendant at the trial was one of identity, that is to say whether he was the David Kaplan named in the writ. This issue is presented by the court's denial of defendant's requests for rulings #6 and #7 hereinafter set forth.

The evidence bearing upon the identity of defendant may be summarized as follows: In January, 1960 David Kaplan submitted

to plaintiff specifications for electrical work and materials to be furnished in a new home then being constructed by one David Kaplan. A price was agreed upon and some extra work was done. Thereafter, plaintiff met David Kaplan in front of premises at Birch Hill Road on May 15, 1960 and paid him $850.00 on account, after which plaintiff completed the work. While completing the work plaintiff met Mrs. Kaplan on the premises and discussed the price of installation of an additional livingroom fixture which thereafter plaintiff purchased and installed.

On completing of the work plaintiff submitted a bill to David Kaplan which he refused to pay on the ground that it was excessive. Later plaintiff talked with David Kaplan by telephone requesting payment which Kaplan refused to make unless plaintiff agreed to accept 50% of the balance due.

Plaintiff admitted at the trial that after completing the job he had never seen David Kaplan at or on the premises, 10 Birch Hill Road, Belmont, Massachusetts, but had seen Mrs. Kaplan on the premises while driving by the house in his automobile.

Defendant was not called as a witness. No interrogatories were filed by either party. After plaintiff rested defendant made the following motion:

"The defendant says that based upon the evidence the plaintiff has failed to identify David Kaplan, the defendant named in this action, as the David

Kaplan whom the plaintiff alleges owes him $914.00; wherefore, the defendant respectfully submits a finding be directed for the defendant".

The court denied defendant's motion to which denial defendant seasonably objected and claimed a report.

At the close of the trial defendant filed seven requests for rulings as follows:

#1. The bald identity of name, without confirmatory facts or circumstances is insufficient to prove identity of person.

#2. Defendant's general denial required plaintiff to prove every element of his case, including fact that defendant was person who was named in the writ.

#3. As a matter of pleading, statements in pleading bind party making them but the statements are not to be used in same case as "evidence" in process of providing something not admitted in pleading.

#4. Facts stated in one count of a declaration cannot be used against a pleader in determining issue upon another count.

#5. Defendant need not be present nor introduce evidence until plaintiff has shown enough to require it and no inference can be drawn therefrom.

#6. That based on all the evidence the plaintiff has failed to identify David Kaplan, the defendant named in this action, as the David Kaplan whom the plaintiff alleges owes nine hundred fourteen ($914.00) dollars.

#7. That on all the evidence a finding for the plaintiff is not warranted.

The court found the following facts:

"In January 1960 the defendant submitted to the plaintiff certain 'Specifications' for intended electrical work, and materials to be furnished in a new home then being constructed by the defendant on Birch Hill Road in Belmont. The bid price submitted by the plaintiff to the defendant was accepted, and he performed his part of the contract completely. At about the time the plaintiff was nearing the end of the work provided for in the original agreement, he was requested to do some extra work. He received a payment of $850.00 on account, and proceeded to complete the additional work. At the completion of all the work by the plaintiff, a balance of $914.00 remained due.

The plaintiff performed his work in a good workmanlike manner, and furnished all the materials required. His charge was reasonable. The defendant, whom he had contracted directly, failed to pay in full.

Accordingly, I find for the plaintiff in the sum of $914.00 plus interest from September 24, 1960 and rule upon the defendant's requests as follows: 1—2—3—4—5 Allowed.
6—7 Denied."

Defendant claimed to be aggrieved by the court's denial of defendant's motion for a directed finding.

Defendant also claimed to be aggrieved by:

#1.  The court's denial of defendant's motion for a directed finding.

#2. The court's denial for Request for Ruling #6 and #7.

#3. By the written finding of the trial justice as inconsistent with the evidence and by rulings by the trial justice as inconsistent with the findings made.

The burden of proving identity of defendant is on plaintiff, *Lodge v. Congress Taxi Assn.*, 340 Mass. 570. Furthermore, bald identity of name without corroberating facts is not sufficient. *Herman v. Fine,* 314 Mass. 67 and cases cited.

However, it is also true that very slight evidence of corroberation may suffice to establish identity. *Herman v. Fine,* 314 Mass. 67 at p.69, *Lodge v. Congress Taxi Assn.,* 340 Mass. 570, p.575. The corroberating evidence in this case consists of the following items: The work was done at 10 Birch Hill Road at which place service was made alleging it to be the last and usual abode of defendant. Plaintiff met defendant in fron of 10 Birch Hill Road and paid him $850.00 on account. When after completing the work plaintiff submitted a bill for the balance, defendant refused to pay, not because he was not the debtor but because the bill was excessive. On a subsequent occasion plaintiff talked with defendant about the bill and again no issue of identity was raised.

All this is far more than "bald identity". *Veira v. Balsamo,* 328 Mass. 37, 29, 40. Indeed, it is considerably more than "slight" corroberating evidence to which might be

added another angle supplied by the court's opinion in *Ryan v. DePaolo*, 313 Mass. 492, which also involved an issue of identity. The court said at page 494:

"We assume that the trial judge had the pleadings. before him including the writs and the returns thereon. In *Doonan v. Gravina* 291 Mass. 103 the return of service was not put in evidence, but was brought to the attention of the judge. Without adverting to the weight that the law attributes to statements similar to those appearing in the return of service in the instant cases when challenged by parties to the actions to which the service was made . . . . . it is enough to point out that the defendant appeared and joined issue upon the merits in response to summonses directed to him in the same name and served at the same address as those furnished by the operator of the automobile to the hospital and to the police shortly after the accident . . . . . There was here more than mere similarity of name between the operator and the defendant. There was enough to warrant the finding of the judge that the defendant was the operator of the automobile that was involved in the collision with the automobile in which the plaintiffs were riding."

We have no doubt on the evidence that defendant was the David Kaplan named in the writ and that the trial court properly so found and determined the amount which is not now an issue.

There remains only the complaint by defendant of inconsistency between the court's

findings and the evidence, also between the court's rulings and findings. As to the first, it is the prerogative of the court to find the facts and such findings are not reversible if there is evidence to support them. *Bandera v. Donahue,* 326 Mass. 563, 564. There was sufficient evidence for that purpose in this case.

As to the second complaint of inconsistencies between rulings and findings such a matter must be raised by motion for a new trial or to correct the inconsistencies, not by appeal to the Appellate Division. *Raytheon v. Indemnity Insurance Co.,* 333 Mass. 746, 749. The simple answer, however, is that there was no inconsistency.

Report dismissed.

Saul E. Lipnick, of Boston, for the Plaintiff.
Michael B. Latti, of Boston, for the Defendant.