*Western District*

S.C. #120055
D.C. #68 R 856

**LOUIS ALBANO and
KATHRYN ALBANO**

v.

**IRENE SMITH**

Argued: Mar. 18, 1969   Decided: Apr. 22, 1969

*Present:* Garvey, P.J., Moore, Allen, JJ.

Case tried to *Donohue, J.* in the District Court of Western Hampden S.C. #120055 D.C. #68 R 856.

*Garvey, P.J.* In this remanded motor tort action there was a finding for the female plaintiff (plaintiff) and damages assessed for personal injuries and for her husband for consequential damages. The issues presented by the report are (a) the identity of the defendant and (b) the alleged inconsistency between a ruling by the judge and his finding on the issue of the defendant's negligence. The judge in his special findings found the defendant was negligent and that he was the owner and operator of a motor vehicle that collided with that of the plaintiff.

We summarize the reported evidence. About 8:30 P.M. the plaintiff was operating her motor vehicle in a southerly direction on Belmont Avenue, Springfield when the rear end of another motor vehicle backing out of a driveway struck her motor vehicle on the left door. The other operator then pulled the car back into the driveway, extinguished its lights, waited a

minute or two and again backed out, this time striking a parked automobile. It proceeded northerly on Belmont Avenue without lights.

The plaintiff, in her testimony, described this vehicle as being dark reddish in color; did not know its make or model; was operated by a fairly young woman; could not further describe her and could not identify her. That the registration number was R51-060, a 1961 red Tempest "owned by the defendant Irene Smith".

One Mathees called by the plaintiff testified that about 8:30 P.M. in the evening in question he was in the second floor office of an insurance company when he heard a crash and upon going to a window observed the plaintiff's vehicle and a 1961 Tempest maroon sedan. The Tempest returned to the driveway where it remained for two or three minutes, then backed out again striking the left front fender of a parked car and then proceeded in a northerly direction on Belmont Avenue without lights. At this point he observed that this vehicle had a Massachusetts registration plate numbered R 51-060.

Registry of Motor Vehicles records were introduced into evidence indicating that a motor vehicle bearing registration number R-51-060 was registered to an Irene Smith, 251 Dorset Street, Springfield, Massachusetts and was assigned to a 1961 maroon Tempest. The defendant offered no evidence.

The deputy sheriff's return of service on the writ reads: "and afterwards on the same 7th day of September, 1967 left at the last and usual place of abode of said defendant a summons for her appearance at Court as within directed. Said service was made at No. 251 Dorset Street, Springfield, in said County". The report states: "Neither the writ or the return of service was brought to the attention of the court by counsel, nor was it or any other responsive pleading introduced into evidence, but the writ, return of service, and other pleadings were before the court."

Burden of proving the identity of a defendant is on the plaintiff. *Decoteau* v. *Truedsson,* 339 Mass. 759, 762. *Hinds* v. *Bowen,* 268 Mass. 55, 59. Bald identity or similarity of name without more is not sufficient. *Herman* v. *Fine,* 314 Mass. 67, 68. *Hinds* v. *Bowen,* 268 Mass. 55, 58. But slight additional evidence is sufficient to establish identity. *Nugent* v. *Popular Markets, Inc.,* 353 Mass. 45. *Brockton Hospital* v. *Cooper,* 345 Mass. 616. *Herman* v. *Fine,* 314 Mass. 67. *Ryan* v. *DiPaolo,* 313 Mass. 492. See: 18 LEGALITE 571; 16 LEGALITE 405; 9 LEGALITE 373.

The defendant concedes that G.L. c. 231, § 85A making it "prima facie evidence" of the "registered" owner's "control" of a motor vehicle involved in a collision causing personal injuries or property damage would be sufficient to supply "the slight additional evidence"

necessary to prove her identity if it was proper for the judge to consider the deputy sheriff's return of service on the writ. Because it was not introduced in evidence nor called to his attention, although before him, she argues he could not consider it in making his finding.

In *Ryan* v. *DiPaolo*, 313 Mass. 492, on facts similar to those in the case being considered, at page 494 the court said: "We assume that the trial judge had the pleadings before him including the writs and the returns thereon" which they held, with other evidence, was sufficient to establish the identity of the defendant. Here, assumption is not necessary as the report states "the writ, return of service, and other pleadings were before the court". Trial courts do not operate in a vacuum and we conclude because of the judge's specific finding that the defendant was the owner of the motor vehicle involved in a collision with one operated by the plaintiff that he considered the return of service. See *Brockton Hospital* v. *Cooper,* 345 Mass. 616, 617. We do not think it necessary, therefore, to discuss whether this is a matter for judicial notice. See 19 Massachusetts Practice Series (Hughes) § 71 (58-60).

There was no error in the denial of the defendant's request for a ruling of law that the evidence was insufficient to warrant a finding that the defendant was the owner of the motor vehicle involved in the accident.

The judge "allowed, but I do not so find" a

request of the defendant's reading: ''The evidence does not warrant a finding that the defendant was negligent''. If his ultimate finding of negligence which had support in the reported evidence was inconsistent with the allowance of this request, as claimed by the defendant, there was no error. The remedies available to a party making such a contention are a motion to correct the inconsistency or a motion for a new trial, neither of which was filed by the defendant. *E. A. Strout Realty Agency, Inc.* v. *Gargan,* 328 Mass. 524. *Biggs* v. *Densmore,* 323 Mass. 106. *Best & Co., Inc.* v. *Mather,* 26 Mass. App. Dec. 124, 125-126.

**The report is to be dismissed.**

CHARLES R. BURGIN, JR.

of Springfield for the defendant.

FREDERICK WEINBERG

of Springfield for the plaintiff.